EDWARD O. LEAR, State Bar No. 132699
CENTURY LAW GROUP LLP
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

E-filing

FILED
2011 MAY 11 P 3:52
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA.-SAN JOSE

Attorney for Plaintiff
JOHN HITTLER
RITA HITTLER

ADR

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JOHN HITTLER, an individual, and RITA HITTLER, an individual,

Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.;

Defendants.

Case No.: CV 11-02336 PSG

**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681) AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CIVIL CODE §§ 1785.1 ET AL.)**

1. **FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)**
2. **FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i)**

COMES NOW the Plaintiffs, John Hittler, (hereinafter "Mr. Hittler") and Rita Hittler (hereinafter individually "Ms. Hittler" and collectively with Mr. Hittler, "Plaintiffs") by counsel, and for his complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act).

**PARTIES**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. The Plaintiffs are natural persons and residents of California. Plaintiffs are a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa California 92626.

5. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

8. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, Defendant TRANS UNION, L.L.C. (hereinafter individually "TransUnion" and collectively with Experian and Equifax the "CRA's") is a business entity organized under the laws of Delaware authorized to do business under the laws of the State of California through its registered offices at 1510 Chester Pike, Crum Lynne, PA 19022.

11. Upon information and belief, TransUnion is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

## ALLEGATIONS COMMON TO ALL CLAIMS

*Plaintiffs' Bankruptcy*

12. On or about July 16, 2010, Plaintiffs filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for Northern District of California in the case entitled *In re John Damian Hittler and Rita Jean Hittler*, Bankruptcy No. 10-57345 (hereinafter the "Bankruptcy").

13. The Bankruptcy included the following relevant creditors: Bank of America Corporation (hereinafter "BAC"); Central Loan Administration & Reporting (hereinafter "Cenlar"); Chase Bank, Chase Bank, N.A., and Chase Home Finance (hereinafter, collectively "Chase"); Chrysler Financial (hereinafter "Chrysler"); DSNB Visa; Macy's; and State Farm Financial Services Bank (hereinafter individually "State Farm FSB" and collectively with BAC, Cenlar,

Chase, Chrysler, DSNB Visa, and Macy's the "Creditors").

14. On or about October 19, 2010, the Bankruptcy Court entered an order of discharge pursuant to section 727 of title 11 of the United States Code (the Bankruptcy Code), which discharged the debts held by the Creditors.

15. No motion for relief from stay was ever entered in the Bankruptcy. As such, an automatic stay was in effect from the filing date, July 16, 2010, through the date the Bankruptcy Court entered the order of discharge, October 19, 2010.

*Inaccurate Reported Credit Entries*

16. In their credit reports regarding Plaintiffs, all three CRA's include entries from creditors BAC, Cenlar, and Chase that reported Plaintiffs' credit accounts as being 30, 60, and 90 days past even though said accounts have been discharged in the Bankruptcy.

17. The CRA's includes the following erroneous information in their credit reports for Mr. Hittler regarding his accounts with the Creditors, which were discharged through the Bankruptcy:

| **Creditor** | **CRA** | **Acct. No.** | **Reported Inaccurate Information** |
|---|---|---|---|
| BAC | XPN | …64 | 1. Inaccurately reports one 30 day late, one 60 day late, and three 90 day lates when debt was discharge in bankruptcy.<br>2. Inaccurately reports "charged off" when debt was discharge in bankruptcy.<br>3. Inaccurately reports "past |

| | | | |
|---|---|---|---|
| | | | due" amounts when debt was discharge in bankruptcy. |
| BAC | EFX, XPN, TUC | …2672 | 4. Inaccurately reports one 60 day late and twenty-two 90 day lates when debt was discharge in bankruptcy.<br>5. Inaccurately reports that the debt was included in bankruptcy in February 2008 when debt was discharge in bankruptcy in October 2010.<br>6. Inaccurately reports account "in dispute" when debt was discharge in bankruptcy.<br>7. Inaccurately reports "credit line suspended" when debt was discharge in bankruptcy. |
| CBNA | XPN | …3 | 8. Inaccurately reports one 30 day late, one 60 day late, and eight 90 day lates when debt was discharge in bankruptcy.<br>9. Inaccurately reports account "in dispute" when debt was discharge in bankruptcy. |

| | | | |
|---|---|---|---|
| | | | 10.Inaccurately reports "charge off" in February 2009 when debt was discharge in bankruptcy in October 2010. |
| CVC | XPN, TUC | …6131 | 11.Inaccurately reports credit high. 12.Inaccurately reports the account as being in collections when it was discharged in bankruptcy in October 2010. 13.Inaccurately reports account submitted to collections in September 2009 when it was discharged in the Bankruptcy in October 2010. |
| BAC | EFX, XPN, TUC | …5850 | 14.Inaccurately reports one 60 day late and six 90 day lates when debt was discharge in the Bankruptcy. 15.Inaccurately reports credit high. 16.Inaccurately reports debt included in bankruptcy in May 2007 when it was discharged in the |

| | | | |
|---|---|---|---|
| | | | Bankruptcy in October 2010.<br>17. Inaccurately reports foreclosure "collateral used to pay balance" in January 2008 when it was discharged in the Bankruptcy in October 2010. |
| BAC | EFX, TUC | …649 | 18. Inaccurately reports credit high.<br>19. Inaccurately reports credit limit.<br>20. Inaccurately reports debt included in bankruptcy in March 2007 when it was discharged in the Bankruptcy in October 2010. |
| BAC | EFX, XPN, TUC | …8498 | 21. Inaccurately reports credit high.<br>22. Inaccurately reports one 60 day late and four 90 day lates when debt was discharge in the Bankruptcy.<br>23. Inaccurately reports foreclosure "collateral used |

| | | | |
|---|---|---|---|
| | | | to pay balance" in August 2007 when it was discharged in the Bankruptcy in October 2010.<br>24. Inaccurately reports debt included in bankruptcy February 2007 when it was discharged in the Bankruptcy in October 2010. |
| BAC | XPN | …6564 | 25. Inaccurately reports credit high.<br>26. Inaccurately reports status as repossession / foreclosure when debt has been discharged in the Bankruptcy.<br>27. Inaccurately reports one 30 day late, one 60 day late, and thirteen 90 day lates when debt has been discharged in the Bankruptcy.<br>28. Inaccurately reports foreclosure "collateral used to pay balance" in June 2009 when debt was |

| | | | |
|---|---|---|---|
| | | | discharge in the Bankruptcy in October 2010. |
| BAC | XPN | ...1 | 29. Inaccurately reports credit limit.<br>30. Inaccurately reports one 30 day late, one 60 day late, and seven 90 day lates. |
| BAC | EFX, TUC | ...5858 | 31. Inaccurately reports credit high.<br>32. Inaccurately reports credit limit.<br>33. Inaccurately reports one 30 day late, one 60 day late, and eight 90 day lates. |
| Chase | EFX, XPN, TUC | ...2485 | 34. Inaccurately reports credit high.<br>35. Inaccurately reports credit limit.<br>36. Inaccurately reports one 30 day late, one 60 day late, and three 90 day lates.<br>37. Inaccurately reports account as closed by creditor when it was discharged in the Bankruptcy.<br>38. Inaccurately reports account as charged off by creditor in March 2009 when it was |

| | | | |
|---|---|---|---|
| | | | discharged in the Bankruptcy in October 2010. |
| Chase | EFX, XPN | …2206 | 39. Inaccurately reports credit high.<br>40. Inaccurately reports one 60 day late and twelve 90 day lates.<br>41. Inaccurately reports "foreclosure" in October 2010 when debt was discharged in the Bankruptcy in October 2010. |
| Citibank | EFX, TUC | …1640 | 42. Inaccurately reports credit high.<br>43. Inaccurately reports one 30 day late, one 60 day late, and eight 90 day lates.<br>44. Inaccurately reports the account as being included in a bankruptcy in March 2008 when the debt was discharged in the Bankruptcy in October 2010. |

18. The CRA's includes the following erroneous information in their credit

reports for Ms. Hittler regarding his accounts with the Creditors, which were discharged through the Bankruptcy:

| Creditor | CRA | Acct. No. | Reported Inaccurate Information |
|---|---|---|---|
| BAC | Equifax (EFX), Experian (XPN), and TransUnion (TUC) | …1362 | 1. Inaccurately reports credit high.<br>2. Inaccurately reports one 60 day late during the time period that the automatic bankruptcy stay was in effect from July 2010 through October 2010.<br>3. Inaccurately reports six 90 day lates during the time period that the automatic bankruptcy stay was in effect from July 2010 through October 2010.<br>4. Inaccurately reports "Foreclosure proceedings started FRCL August 2010" even though the automatic bankruptcy stay was in effect from July 2010 through October 2010.<br>5. Inaccurately reports "Foreclosure FRCL August 2010" even though the automatic bankruptcy stay was in effect from July 2010 through October 2010. |

| | | | |
|---|---|---|---|
| BAC | EFX, XPN, and TUC | ...1991 | 6. Inaccurately reports credit high.<br>7. Inaccurately reports one 30 day late, one 60 day late, and seventeen 90 day lates.<br>8. Inaccurately reports foreclosure in November 2009 when debt was discharged in the Bankruptcy in October 2010. |
| BAC | EFX, XPN, and TUC | ...4186 | 9. Inaccurately reports credit high.<br>10. Inaccurately reports one 30 day late, one 60 day late, and Fourteen 90 day lates.<br>11. Inaccurately reports "Creditor settled for less than amount due" even though the debt was discharged in the Bankruptcy in October 2010. |
| BAC | EFX, XPN | ...5500 | 12. Inaccurately reports one 30 day late, one 60 day late, and nine 90 day lates.<br>13. Inaccurately reports foreclosure in March 2009 when debt was discharged in the Bankruptcy. |
| BAC | XPN, TUC | ...3685 | 14. Inaccurately reports credit high. |

| | | | |
|---|---|---|---|
| | | | 15. Inaccurately reports one 30 day late, one 60 day late, and twenty 90 day lates.<br>16. Inaccurately reports "credit line suspended" even though the collection of the debt was stayed during the automatic bankruptcy stay and the debt was discharged in the Bankruptcy in October 2010. |
| BAC | XPN | …1 | 45. Inaccurately reports credit limit.<br>46. Inaccurately reports credit high.<br>47. Inaccurately reports one 30 day late, one 60 day late, and fourteen 90 day lates. |
| BAC | EFX, TUC | …1999 | 48. Inaccurately reports credit limit.<br>49. Inaccurately reports credit high.<br>50. Inaccurately reports one 30 day late, one 60 day late, and fifteen 90 day lates.<br>51. Inaccurately reports credit high.<br>52. Inaccurately reports a credit limit. |

| | | | |
|---|---|---|---|
| Cenlar | XPN, TUC | …2781 | 53. Inaccurately reports credit limit.<br>54. Inaccurately reports credit high.<br>55. Inaccurately reports one 30 day late and two 60 day lates. |
| Chase | EFX, XPN | …2206 | 56. Inaccurately reports one 60 day late and twelve 90 day lates.<br>57. Inaccurately reports foreclosure proceedings during the period between July 2010 and October 2010 when the automatic bankruptcy stay was in effect. |
| Chase | EFX, XPN, TUC | …7637 | 58. Inaccurately reports credit limit.<br>59. Inaccurately reports credit high.<br>60. Inaccurately reports "charge off" when debt was discharge in bankruptcy . |
| Chase | EFX | …2236 | 61. Inaccurately reports one 30 day late, one 60 day late, and five 90 day lates. |
| Chase | EFX, XPN | …5760 | 62. Inaccurately reports one 30 |

| | | | |
|---|---|---|---|
| | | | day late, one 60 day late, and four 90 day lates.<br>63.Inaccurately reports credit limit.<br>64.Inaccurately reports credit high.<br>65.Inaccurately reports "closed by creditor" when debt was discharge in bankruptcy.<br>66.Inaccurately reports "charged off" when debt was discharge in bankruptcy. |
| Chase | EFX, XPN, TUC | …4149 | 67.Inaccurately reports one 30 day late, one 60 day late, and four 90 day lates.<br>68.Inaccurately reports credit limit.<br>69.Inaccurately reports credit high.<br>70.Inaccurately reports "closed by creditor" when debt was discharge in bankruptcy. |
| Chase | | …0622 | 71.Inaccurately reports one 30 day late, one 60 day late, and three 90 day lates.<br>72.Inaccurately reports credit limit. |

| | | | |
|---|---|---|---|
| | | | 73. Inaccurately reports "charge off" when debt was discharged in the Bankruptcy in October 2010. |
| Chrysler | EFX, XPN | …1161 | 74. Inaccurately reports credit high.<br>75. Inaccurately reports "charged off" when debt was discharge in bankruptcy. |
| DSNB Visa | EFX, XPN, TUC | …7281 | 76. Inaccurately reports "charged off" when debt was discharge in bankruptcy. |
| DSNB Visa | EFX, XPN | …3715 | 77. Inaccurately reports credit limit.<br>78. Inaccurately reports credit high.<br>79. Inaccurately reports "closed by creditor" when debt was discharge in bankruptcy.<br>80. Inaccurately reports "charged off" when debt was discharge in bankruptcy. |
| State Farm FSC | EFX, XPN, TUC | …4170 | 81. Inaccurately reports credit limit. |

| | | | |
|---|---|---|---|
| | | | 82. Inaccurately reports credit high.<br>83. Inaccurately reports "principal deferred / interest payment only" when debt was discharge in bankruptcy.<br>84. Inaccurately reports "charged off" when debt was discharge in bankruptcy. |

*Credit Report Dispute*

17. When Plaintiffs discovered these and other erroneous entries in their credit reports, they contacted the CRA's and requested they verify and delete the erroneous information from their credit file.

18. In or about January 2011, the CRA's made some corrections but did not remove or amend any of the above-referenced errors.

19. Upon Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, the CRA's did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the listings and representations from the Creditors that lead to the above-referenced errors in Plaintiffs' credit report.

20. In the alternative to the allegation that the CRA's failed to contact the Creditors, it is alleged that the CRA's did forward some notice of the dispute to the Creditors and failed to conduct a lawful investigation.

/ / /

**FIRST CLAIM FOR RELIEF**

**(Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)**

21. Plaintiffs reallege and incorporate paragraphs 1 through 20 above as if fully set forth herein.

22. Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

23. As a result of this conduct, action and inaction of Defendants, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

24. Defendant's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

25. Plaintiffs are entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**SECOND CLAIM FOR RELIEF**

**(Failure to Reinvestigate – 15 U.S.C. § 1681i)**

26. Plaintiffs reallege and incorporate paragraphs 1 through 20 above as if fully set forth herein.

27. Defendants violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiffs' credit file; and by relying upon verification from a source it has reason know is unreliable.

28. As a result of this conduct, action and inaction of Defendants, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

29. Defendants' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

30. Plaintiffs are entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**DEMAND**

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendants, jointly and severely; for their attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

DATED: April 28, 2011

CENTURY LAW GROUP LLP

By: ______________________

Edward O. Lear
Attorneys for Plaintiff
JOHN HITTLER
RITA HITTLER

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of this action.

DATED: April 28, 2011

CENTURY LAW GROUP LLP

By: ____________________

Edward O. Lear
Attorneys for Plaintiff
JOHN HITTLER
RITA HITTLER