**CENTURY LAW GROUP LLP**
EDWARD O. LEAR, State Bar No. 132699
DANIEL A. WOODFORD, State Bar No. 241086
RIZZA GONZALES, State Bar No. 268118
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiffs
JOHN HITTLER and RITA HITTLER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JOHN HITTLER, an individual, and RITA HITTLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.;<br><br>Defendants. | CASE NO. 11-CV-02336 LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Hearing Date: September 28, 2011**<br>**Time: 2:00 p.m.**<br><br>**Honorable Judge Lucy H. Koh** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel conferred to discuss the matters set forth in Rule 26(f) and Local Rule 16.

Thus, the parties hereby submit their Joint Case Management Statement.

1. **BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). Consequently, this Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA. All parties have been served.

2. **FACTS**

**Plaintiff:** Plaintiffs John Hittler and Rita Hittler ("Plaintiffs") are natural persons and "consumers" as defined in 15 U.S.C. § 1681a(c). Plaintiffs' allegations stem from the reporting

of information relating to Plaintiffs' bankruptcy first filed on July 16, 2010, and discharged on October 19, 2010. Plaintiffs contend that Defendant credit reporting agencies inaccurately reported credit entries relating to discharged creditors Bank of America Corp., Central Loan Administration and Reporting, Chase Bank, Chase Bank, NA, and Chase Home Finance, Chrysler Financial, DSNB Visa, Macy's, and State Farm Financial Services Bank. Plaintiff sent letters disputing the inaccurate information to the Credit Reporting Agencies and requested that they reinvestigate and remove the inaccurate information; however, the inaccurate information was not removed.

**Defendants:**

    **A.**    **Trans Union, LLC:** Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiffs and Trans Union complied with the requirements of the FCRA with respect to Plaintiffs. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiffs may have sustained were not caused by Trans Union.

    **B.**    **Experian Information Solutions, Inc.:** Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian

of a potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiffs' credit files. Experian therefore has no liability in this case. Accordingly, any of Plaintiffs alleged damages could not have been caused by Experian.

    **C.**     **Equifax Information Services, LLC:** As discovery has yet to commence, Equifax cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiffs. Upon information and belief, Equifax has accurately reported credit information pertaining to the Plaintiffs. Further, Equifax properly investigated Plaintiffs' disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiffs. At all relevant times, Equifax maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiffs in preparing consumer reports related to Plaintiffs. Equifax accepted information regarding Plaintiffs from reliable sources. Equifax may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Equifax has not acted with malice, negligent, willful or reckless intent to harm Plaintiffs, nor with reckless or conscious disregard for the rights of Plaintiffs, and Equifax has fully complied with the FCRA. Equifax will also show that any alleged damage suffered by Plaintiffs was not caused by Equifax.

    In addition, at this time Equifax does not have knowledge or possession of facts or documents controlled by the Plaintiffs, Experian Information Solutions, Inc and Trans Union LLC. Therefore, this statement is based on the facts known by Equifax at this time. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**3.**     **LEGAL ISSUES**

    **Plaintiff:** Whether Defendants Experian, TransUnion, and Equifax established or followed proper and reasonable procedures to assure maximum accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff in violation of the Fair Credit Reporting Act § 1681 *et seq.*

    **Defendants:**

A. **Trans Union, LLC:** The primary legal issues with respect to Trans Union are whether, with respect to Plaintiffs, it employed reasonable procedures and conducted reasonable investigation(s) of Plaintiffs' dispute(s), which it maintains that it did and thus, Plaintiffs' damages, if any, cannot be attributed to Trans Union.

B. **Experian Information Solutions, Inc.:** The primary legal issues are whether Experian maintained reasonable procedures and conducted reasonable investigations into Plaintiffs' disputes. Experian maintains that with respect to Plaintiffs, it maintained reasonable procedures and conducted reasonable investigations of Plaintiffs' disputes.

C. **Equifax Information Services, LLC:** The issue before the Court is whether Equifax accurately reported credit information pertaining to Plaintiffs, and whether Equifax properly investigated Plaintiffs' disputes as required by the Fair Credit Reporting Act, updated information as appropriate, and timely reported the results of those investigations to Plaintiffs.

4. **MOTIONS**

**Plaintiff:** Plaintiffs do not anticipate the filing of any dispositive motions.

**Defendants:**

A. **Trans Union, LLC:** Trans Union may need to file a discovery motion and/or a motion for summary judgment.

B. **Experian Information Solutions, Inc.:** Experian may need to file discovery and/or dispositive motions.

C. **Equifax Information Services, LLC:** Equifax anticipates filing a Motion for Summary Judgment and Motions in Limine, but at this early stage is unable to identify the exact issue(s) under the Fair Credit Reporting Act or any other applicable law and authority without further discovery.

5. **AMENDMENT OF PLEADINGS:**

The Parties do not anticipate the amendment of any pleadings. However, the parties agree that if any amendment is necessary, the deadline for such amendment will be October 26, 2011, four weeks from the Case Management Conference.

6. **EVIDENCE PRESERVATION:** The Parties are aware of their obligations with

respect to document preservation and have complied with such under the facts and circumstances of this case.

7. **DISCLOSURES:** The Parties will make initial witness and document disclosures pursuant to FRCP 26(a) within 14 days of the Rule 26(f) conference.

8. **DISCOVERY**:

The Parties stipulate that, due to the large number of Defendants in this matter, Plaintiff's deposition may extend past the limitation set forth in the Federal Rules.

**Plaintiff:** Plaintiff anticipates propounding the following discovery requests: (a) Special Interrogatories and (b) Requests for Production. Plaintiff may also need to depose the persons most knowledgeable of the facts alleged in the complaint and Defendants' policies and practices relevant to the allegations contained in the complaint and other individuals that may be identified during the course of this litigation. Plaintiff does not object to limiting discovery as suggested by Defendants' counsel and outlined below.

**Defendants:**

A. **Trans Union, LLC:** Trans Union proposes no more than a total of 30 document requests and no more than 40 requests for admissions shall be served per party. Trans Union also proposes that no more than 10 depositions shall be taken by any party. Discovery will be sought on all allegations, claims and affirmative defenses alleged in the Complaint, any Amended Complaint and Answers and will be conducted by (including but not limited to) depositions, interrogatories, requests for production of documents and requests for admission. Trans Union may undertake non-party discovery to determine facts surrounding Plaintiffs' claims.

B. **Experian Information Solutions, Inc.:** Discovery will be sought on all allegations, claims and affirmative defenses alleged in the Complaint and Answer and will be conducted by (including but not limited to) Depositions, Interrogatories, Requests For Admission and Requests For Production Of Documents. Experian also intends to take the depositions of any expert retained by Plaintiff and reserves the right to retain a rebuttal expert and to take depositions of any other persons revealed by discovery to have personal knowledge

of the matters in dispute.

  **C.** **Equifax Information Services, LLC:**  Equifax proposes no more than a total of 30 document requests and no more than 40 requests for admissions shall be served per party. Equifax also proposes that no more than 10 depositions shall be taken by any party. Discovery will be sought on all allegations, claims and affirmative defenses alleged in the Complaint, any Amended Complaint and Answers and will be conducted by (including but not limited to) depositions, interrogatories, requests for production of documents and requests for admission. Equifax may undertake non-party discovery to determine facts surrounding Plaintiffs' claims.

9. **CLASS ACTIONS**: Not Applicable.

10. **RELATED CASES**: There are no related cases.

11. **RELIEF**:

  **Plaintiff:**  Plaintiff seeks compensatory and punitive damages against Defendants, attorney's fees and costs; for pre-judgment and post-judgment interest, and other relief the Court deems just, equitable and proper.

12. **SETTLEMENT AND ADR**: The Parties have agreed to participate in mediation within 150 days of the Case Management Conference.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**: The parties decline to consent to the Magistrate Judge.

14. **OTHER REFERENCES**: The parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**: The parties agree that it is premature to attempt to narrow the issues.

16. **EXPEDITED SCHEDULE**: The parties see no need for streamlined procedures or an expedited schedule.

17. **SCHEDULING**:

  The Parties suggest the following scheduling dates:

  Designation of Experts: February 28, 2012

  Designation of Rebuttal Expert(s): April 29, 2012

Discovery Cutoff: May 28, 2012

Dispositive Motion Filing Deadline: July 30, 2012

Hearing of Dispositive Motions: September 10, 2012

Pretrial Conference: November 2012 or 30 days after any ruling on dispositive motions.

Trial: January 2013

18. **TRIAL:** Plaintiff has requested a trial by jury. The parties estimate the length of trial to be 4-5 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:** None.

**Defendants:**

A. **Trans Union, LLC:** Trans Union has filed its Certification Of Interested Entities Or Persons. The entity identified by Trans Union is its parent corporation, Trans Union Corp.

B. **Experian Information Solutions, Inc.:**

Experian Information Solutions, Inc., Defendant identifies the following interested parties: Parent Companies: The ultimate parent company of Experian is Experian plc.

a. Subsidiaries Not Wholly Owned: The following companies are the US-based subsidiaries of Experian plc that are not wholly owned:

(1) First American Real Estate Solutions, LLC
(2) First American Real Estate Solutions II, LLC
(3) Vehicle Title, LLC
(4) Central Source LLC
(5) Online Data Exchange LLC
(6) New Management Services LLC
(7) VantageScore Solutions LLC
(8) Opt-Out Services LLC

C. **Equifax Information Services, LLC:** Equifax Information Services LLC is a wholly owned subsidiary of Equifax Inc. Equifax Inc. is publicly traded on the New York

Stock Exchange.

Dated: September 21, 2011                    **CENTURY LAW GROUP, LLP**


By:/s/ Rizza Gonzales
    EDWARD O. LEAR
    DANIEL WOODFORD
    RIZZA GONZALES
    Attorneys for Plaintiffs
    John Hittler and Rita Hittler

Dated: September 21, 2011                    **SHUCKIT & ASSOCIATES PC**


By:/s/ Karen Butler Reisinger
    KAREN BUTLER REISINGER
    Attorneys for Defendant
    Trans Union LLC

Dated: September 21, 2011                    **JONES DAY**


By: /s/ Katherine A. Klimkowski
    KATHERINE A. KLIMKOWSKI
    Attorneys for Defendnat
    Experian Information Solutions, Inc.

Dated: September 21, 2011                    **NOKES & QUINN, APC**


By:/s/ Thomas P. Quinn, Jr.
    THOMAS P. QUINN, JR.
    Attorneys for Defendant
    Equifax Information Services, LLC